[Civ. No. 2055. First Appellate District.—June 20, 1917.]

ANITA KERNER, Appellant, v. L. M. SPIEGL, Respondent.

NEGLIGENCE—COLLISION OF PEDESTRIAN WITH AUTOMOBILE—EVIDENCE—
QUESTION OF FACT.—In an action for damages for personal injuries
sustained by a pedestrian from a collision with an automobile at the
crossing of a city street, the question of negligence of the parties
is one of fact and not of law, where it is shown that the defendant
was required to suddenly change the course of his machine to the
opposite side of the street in order to avoid a collision with a pass-
ing wagon, and at the same moment the plaintiff stepped off the
curb into the street carrying a raised umbrella and attempted to
cross.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial. A. E.
Graupner, Judge.

The facts are stated in the opinion of the court.

Hamilton A. Bauer, for Appellant.

Walter H. Linforth, for Respondent.

RICHARDS, J.—This is an appeal from an order denying
plaintiff's motion for a new trial. The action was one for
damages alleged to have been sustained by the plaintiff
through an accident arising from the negligent operation of
the defendant's automobile. The defendant in his answer
denied that the accident occurred through any negligence
on the part of himself or the operator of his automobile, and
alleged that the plaintiff's injury occurred through her own
negligence. The action was tried by the court sitting with-
out a jury, and the findings and judgment of the court were
in favor of the defendant upon both these issues. The plain-
tiff did not appeal from the judgment, but moved for a new
trial upon the ground of the insufficiency of the evidence to
justify the decision of the court, and also upon the ground
of newly discovered evidence, and she now appeals from the
order of the court denying her said motion for a new trial.

The facts of the case which form the basis of the findings
and judgment of the court were briefly these: On the evening

of December 10, 1913, the defendant in his automobile driven
by his son, a driver of several years' experience, was proceed-
ing westerly along the northerly side of Post Street, in the
city of San Francisco, at a rate of speed testified to as not
exceeding ten miles an hour. The night was dark. It was
raining and the roadway was slippery. As the automobile was
in the act of crossing Post Street a wagon, driven by some
person unknown, suddenly undertook to turn up Post Street
in such a way as to require the operator of the automobile
to immediately change the course of the machine and cross
over near to the southerly side of Post Street in order to
avoid a collision. At this moment the plaintiff and a com-
panion going northward on the westerly side of Polk Street
stepped off the curb into Post Street carrying a raised um-
brella and attempting to cross said street. When discovered
by the driver of the automobile, and when they in turn be-
came aware of its proximity, the plaintiff and her companion
were about three feet from the curb of Post Street and three
or four feet in front of the machine. The driver made every
effort to stop the machine in order to avoid a collision, but
could not do so fully, and the machine struck the plaintiff
and her companion, knocking them down, bruising them both
somewhat, and injuring their clothing through contact with
the car and muddy street. The machine came to a standstill
immediately after the impact, and no part of the automobile
went over either of the ladies.

The foregoing facts were presented to the trial court, and
its findings based thereon were to the effect that the defend-
ant was not guilty of any negligence in the operation of his
said automobile under the circumstances immediately preced-
ing and attending the occurrence of the accident, but that
the plaintiff was negligent in stepping into the roadway on
Post Street in front of said automobile without looking to
see whether any automobiles were approaching the place
where plaintiff was about to go on said roadway, and that
her injuries were caused thereby.

The plaintiff insists that the findings and judgment of the
court should have been in her favor upon the facts. We are
unable, however, to say that the question of negligence arising
out of the foregoing facts was a question of law which should
have been resolved in plaintiff's favor. It was rather a ques-
tion of fact which the court, sitting as a jury, had a right to

resolve in favor of either party to the action; and its discretion in so doing will no more be subject to review by this court than would the discretion of a jury have been had the case been submitted to a jury.

The plaintiff further contends that her motion for a new trial should have been granted upon the ground of newly discovered evidence, but upon this point it is sufficient to say that the affidavit upon which this phase of the motion was predicated was wholly insufficient in its showing of reasonable diligence to procure the alleged newly discovered evidence prior to the trial of the cause.

For the foregoing reasons the order denying plaintiff's motion for a new trial is affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1917.